UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

  v.                                              Case No. 21-cr-0104-bhl

SEDRICK D. BROWN,

          Defendant.

---

## ORDER

---

On December 2, 2021, the Court sentenced Defendant Sedrick Brown to two years of imprisonment for his conviction of being a Felon in Possession of a Firearm. (ECF No. 25.) Upon release from imprisonment, the Court ordered Brown serve a two-year term of supervised release, with additional conditions of supervised release which included participate in drug testing and treatment, no alcohol, participate in mental health treatment, and pay a $100.00 Special Assessment. (*Id.* at 4–7.) Brown's supervised release commenced on July 28, 2023. On March 20, 2024, the Court revoked Brown's supervised release for numerous violations, sentenced him to eleven (11) months' imprisonment and imposed no further term of supervised release. (ECF No. 54.) The defendant was remanded to the custody of the United States Marshal and began serving his sentence. (*Id.* at 3.)

Brown has now filed a *pro se* letter asking the Court to "grant [him] 6 months[' ] placement at a] half way house." (ECF No. 55.) The defendant states that he is "afraid" that if he is released "to the streets" without any reentry support, it will be difficult for him "to look for [a] job and housing." (*Id.* at 1.) Brown believes placement in a halfway house will assist with his successful reintegration into the community. While the Court is sympathetic to Brown's request, the Bureau of Prisons (BOP), not the Court, designates the place of the prisoner's confinement. 18 U.S.C. § 3621(b); *see also United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) ("[T]he court lacked authority to change [the defendant's] place of imprisonment . . . The Bureau [of Prisons] (and under the CARES Act, the Attorney General) has plenary control over its inmates'

placement."). "A district court may only recommend a new placement; it may not order it." *Saunders,* 986 F.3d at 1078.

Under the Second Chance Act of 2007, the BOP has the authority to place an inmate in a residential reentry center during the final portion of his sentence for up to 12 months. The Second Chance Act specifically provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Although the BOP considers any statements by the Court, any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility has no binding effect on the authority of the BOP under Section 3624 to determine or change the place of imprisonment of that person. Under the Second Chance Act, all federal inmates are eligible for residential reentry and home confinement placement; however, not all inmates receive the programs as the language is discretionary and there is no guarantee for such placement. The BOP is in the best position to assess the defendant's institutional adjustment, treatment needs, and availability of community correctional facilities. While Brown's motion must therefore be denied, the Court makes clear that it does not oppose and recommends that the defendant be placed in a Residential Reentry Center/Halfway House placement to the extent permitted by law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion, ECF No. 55, is **DENIED**.

Dated at Milwaukee, Wisconsin on July 12, 2024.

        s/ *Brett H. Ludwig*
        BRETT H. LUDWIG
        United States District Judge